WILLIAM O. DODD *vs.* ABRAHAM TARR.

Essex.   November 6. — 17, 1874.   AMES & DEVENS, JJ., absent.

A declaration on an account annexed contained two items, each for one month's labor of certain persons. The evidence showed that while the plaintiff and defendant were in partnership, the latter agreed that if the plaintiff should employ his sons to work for the partnership, the defendant would employ some one to off-set those services; that the sons worked four months, and the defendant did not employ any one. *Held*, that although the partnership was dissolved before suit brought, and there were no other debts, the action could not be maintained upon the declaration.

CONTRACT on a promissory note. At the trial in the Superior Court, before *Lord*, J., the defendant admitted the plaintiff's case, and the issue was on a declaration in set-off, the first two items of which were, " 1. November 6, 1869. To one month s

labor of Frank Tarr, $40." " 2. To one month's labor at $50 a month, $50."

The defendant testified that he and the plaintiff formed a co-partnership in the fall of 1869, which continued until March 1, 1871, when it was dissolved. At that time the copartnership owned a certain building, with some fixtures therein, and the plaintiff sold his interest in the same to the defendant for the amount of the note in suit.

The defendant further testified, under the plaintiff's objection, in support of the first two items in his bill of particulars, that while the copartnership was in existence the plaintiff agreed with him, that in case the defendant should employ one or both of his sons to perform services for the copartnership, the plaintiff would employ some one to offset those services ; that his sons thereupon performed services for the copartnership without any agreement as to price, their united services being for the space of four months ; and that the plaintiff did not employ any one to offset those services. Evidence was also put in tending to show that the charges claimed in the defendant's bill of particulars were fair charges for services rendered.

The plaintiff contended that the defendant could not under his declaration in set-off recover for these two items of company indebtedness. But the judge ruled that if the copartnership, composed of the plaintiff and the defendant, had been dissolved, and had no property at the time of its dissolution other than the building and fixtures testified to, and owned no other debts except these two items in question, which the defendant claimed of the plaintiff as the amount due him for his half of services furnished, and if it was agreed between the parties that the plaintiff should pay the defendant said amounts, then the defendant might recover the same under his set-off against the plaintiff.

The jury found for the defendant ; and the plaintiff alleged exceptions.

*C. Sewall*, for the plaintiff.

*C. P. Thompson*, for the defendant.

WELLS, J. The ruling by the court below was correct as a proposition of law. But it did not meet the objection raised by the plaintiff. That objection was " that the defendant could not, under his declaration in set-off, recover for these two items of company indebtedness.'

The declaration in set-off was in form of a count on an account annexed. The two items in question were " November 6, 1869. To one month's labor of Frank Tarr, $40. February 15, 1871. To one month's labor at $50 per month, $50."

It is manifest that this is not good as a statement of a claim for a partnership balance. It was not demurrable, because it is good as a statement of account for work and labor, and it does not disclose any purpose to rely upon it as a partnership matter.

The objection goes further than the mere point of pleading. There was a variance in the proof. The evidence discloses no such promise to " pay the defendant said amounts," as the ruling assumes. The agreement of the plaintiff was " that in case the defendant should employ one or both of his sons to perform services for the copartnership, the plaintiff would employ some one to off-set those services." If, upon breach of that agreement, the defendant might properly charge the value of the services of his sons to the copartnership, such charges would not be good as items of account against the plaintiff individually, either as a copartnership balance, or under the special agreement recited. His liability at the best would be for only one half the amount so chargeable for the services. Proof of such liability, either under the special agreement or for the balance that would result from those charges without offset, in partnership account, would not sustain the claim made under the declaration in set-off.

We are apprehensive that the objection may not have been pointed out at the trial as explicitly as it should have been. But it is distinctly presented upon the bill of exceptions, which must therefore be                                          *Sustained.*